SALTER, J.
 

 We affirm the order On Motion for Default and Motion to Dissolve Writ of Garnishment. The trial court properly denied T.G.O.B., LLC’s motion to dissolve writ of garnishment as it was untimely. § 77.055, Fla. Stat. (2009). As the court properly observed in that order, “the plaintiff, Michael J. Murphy, stands in no stronger position than that of the defendant, debtor, Carl E. Lindback, III. Thus, the plaintiff
 
 *986
 
 can only recover the amount of funds that the defendant would have been entitled to, but for the garnishment.” Therefore, while T.G.O.B. is a party for purposes of determining the garnishment amount (if any) at a final hearing, only Carl E. Lind-back’s interest in the funds can be subject to garnishment.
 

 The law firm’s role in this action is strictly that of a garnishee, or holder of the disputed funds for the benefit of the law firm’s client. There is no merit to the argument that the law firm’s role when served with the writ was that of an escrow agent.
 

 Affirmed.